VINCENT J. ADAMS (SBN 249696)
**TESLA, INC.**
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 951-1237
viadams@tesla.com

Attorney for Defendant
TESLA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR NAVARRO,<br><br>                    Plaintiff,<br><br>        v.<br><br>TESLA, INC.; BRANDON WARD;<br>and DOES 1-50, inclusive.<br><br>                    Defendants. | Case No. 2:26-cv-1884<br><br>**DEFENDANT TESLA, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>(*Removed from Los Angeles County Superior Court Action No. 26STCV01769*)<br><br>State Court Action Filed: January 20, 2026<br>Removal Date:            February 20, 2026 |

**DEFENDANT TESLA, INC.'S NOTICE AND PETITITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

**TO PLAINTIFF AND THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant TESLA, INC. ("Tesla") by and through its undersigned counsel, hereby submits this Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove the above-referenced action of Plaintiff OSCAR NAVARRO ("Plaintiff") from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California. Tesla states removal is proper for the following reasons:

## I.    PROCEDURAL BACKGROUND

1.    On January 20, 2026, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, thereby initiating a civil action entitled *Oscar Navarro v. Tesla, Inc., Brandon Ward; and DOES 1-50, inclusive*, Case No.: 26STCV01769 ("Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.    The Complaint alleges five causes of action: (1) Whistleblower Retaliation (Cal. Lab. Code §1102.5); (2) Whistleblower Retaliation (Cal. Lab. Code §6310); (3) Wrongful Termination in Violation of Public Policy; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Hiring, Supervision, or Retention of Employees. *See,* **Exhibit 1**.

3.    On or about January 22, 2026 Tesla was served with copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment, Complaint, and Los Angeles County Superior Court's Alternative Dispute Resolution (ADR) Information Packet, through its agent for service of process, CT Corporation in Glendale, California. *See,* Declaration of Vincent J. Adams ("Adams Decl."), ¶ 3 and **Exhibit A** (Service Package).

4.    Tesla filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California for the County of Los Angeles on February 20, 2026. *See,* Adams Decl., ¶ 4 and **Exhibit B** (Tesla's Answer). Tesla is informed and believes that the Complaint, and Answer (**Exhibits 1, and B**) constitute the operative pleadings and all process,

pleadings, and orders known by Tesla to exist in this action. *See,* Adams Decl., ¶ 5. A Case Management Conference has been scheduled in Los Angeles County Superior Court for May 20, 2026. *Id.*

## II.     VENUE

5.      This action was filed in the Superior Court of California for the County of Los Angeles. Thus, venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441(a).

## III.    BASIS FOR REMOVAL

6.      Subject matter jurisdiction on the basis of diversity of citizenship requires that: (1) there is complete diversity of citizenship between plaintiff and defendants and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.§ 1332. As set forth below, complete diversity exists between Plaintiff, on the one hand, and Tesla, on the other.

### A.     <u>Plaintiff's Citizenship</u>

7.      To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.,* 265 F. 3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto. Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). An existing domicile is presumed to continue *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile once acquired is presumed to continue until it is shown to have changed."). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

8.      Plaintiff alleges in the Complaint he is, "and at all relevant time […] was a resident of the County of Los Angeles, California." **Exhibit 1** at ¶ 1. Therefore, Tesla is informed and believes that at all relevant times for the purposes of this removal, Plaintiff

is and has been a citizen of the State of California.

**B.      Tesla's Citizenship**

9.      For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

10.      In *Hertz Corp. v. Friend*, the U.S. Supreme Court held a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** .... 559 U.S. 77, 92-93 (2010) (emphasis added).

11.      Tesla is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Texas, with its principal place of business and headquarters in Austin, Texas.[1] *See,* Adams Decl., ¶ 7. Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). *Id.* At all relevant times, Tesla is and has been a citizen of the State of Texas.

**C.      The Citizenship of the Individual Defendant is Irrelevant**

12.      Plaintiff alleges that "Defendant Ward […] was believed to be, a resident of California. **Exhibit 1** at ¶ 2.a. Superficially, it would appear there is no diversity of citizenship in this matter because both Plaintiff and the individual defendant might be

---

[1] Tesla's Form 10-K for the fiscal year ending December 31, 2025, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Texas as Tesla's State of Incorporation and 1 Tesla Road, Austin, Texas as Tesla's principal executive offices. (https://www.sec.gov/ix?doc=/Archives/edgar/data/0001318605/000162828026003952/tsla-20251231.htm).

**DEFENDANT TESLA, INC.'S NOTICE AND PETITITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

citizens of California. However, the individual defendant's citizenship cannot be considered for purposes of removal because he has not been served.

### i. **Plaintiff Has Not Served the Individual Defendant with the Complaint.**

13. Under the plain language of 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Tesla is the only party that has been properly joined and served. *See,* Adams Decl., ¶ 6. Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). At all relevant times, Tesla is and has been a citizen of the State of Texas. If the individual defendant has not been served, then removal by Tesla is proper. *Urquidez v Hyatt Corp.,* 2025 WL 89725, *1-2 (No. 3:24-cv-01975-CAB-MMP, S.D. Cal. Jan. 14, 2025) (denying remand following defendant's 'snap' removal in employment action with individual nondiverse defendant). For this reason alone, the alleged citizenship of the individual defendant does not impact diversity jurisdiction in this matter.

### D. <u>Doe Defendants' Citizenship</u>

14. The Complaint also names DOES 1-50 ("DOE Defendants"). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of establishing jurisdiction under 28 U.S.C. 1332(a). *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

15. Because Plaintiff is a citizen of California and Tesla is a citizen of Texas, complete diversity of citizenship exists in this matter.

### E. <u>Amount in Controversy</u>

16. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of

4

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17.     The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking a removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 88 (2014). As explained by the Ninth Circuit, "the amount in controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding the Court may consider facts presented in the removal petition). When determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, compensatory damages, punitive damages, and attorneys' fees where recoverable by law. *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Accordingly, a removing defendant need only demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty. *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

18.     In the Complaint Plaintiff requests (1) compensatory damages for the lost past and future wages, earnings; (2) general damages for humiliation, mental anguish, and emotional distress; (3) consequential damages; (4) punitive damages; (5) statutory penalties; (6) reasonable attorneys' fees; (7) reasonable costs; (8) injunctive relief; and (9) other and further relief as the Court may deem just and proper. **Exhibit 1** at Prayer for Relief. It is facially apparent that the allegations in the Complaint demonstrate the amount in controversy in this matter exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

19.     Tesla adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin*

5

*Harbors Lumber Co.,* 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). Thus, the facial allegations in the Complaint and total amount of estimated past and future lost income and benefits, special damages, and attorneys' fees and costs at issue are well in excess of $75,000.

20.    ***Compensatory Damages***. Although Tesla denies it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal, Plaintiff is seeking compensatory damages. While employed by Tesla, Plaintiff earned an annual salary of $176,000. His employment at Tesla was terminated in April 2025, approximately 10 months prior to the date of this Petition for Removal. **Exhibit 1** at ¶¶ 8, 24. Presumably, Plaintiff's lost wages, for the sake of argument, are at least $146,666.70 (annual salary of $176,000.00 would be paid over twelve months, at a rate of $14,666.67). This amount does not include any possible recovery of front pay for lost income incurred following judgment.

21.    ***General Damages, Including Emotional Distress.*** Plaintiff also seeks unspecified general damages including but not limited to emotional and mental distress, fear, anxiety, humiliation, and embarrassment. **Exhibit 1** at Page 15, Prayer for Relief. Accordingly, it is likely Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002). Recent verdicts in employment cases confirm that emotional distress awards may be substantial. *See, e.g.*, *Ko v. The Square Group LLC dba The Square Supermarket* (June 16, 2014) Los Angeles Sup. Ct., Case No. BC487739 ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Kamali v. Cal. Dep't of Transp.* (Dec. 20, 2012) Los Angeles Sup. Ct., Case No. BC426247 (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Hernandez v. Regents of the Univ. of Cal.* (June 29, 2010) Alameda County Sup. Ct., Case No. RG06272564 (verdict for $266,347 on disability discrimination and retaliation claims).

22.    ***Attorneys' Fees***. Plaintiff also seeks to recover an unspecified amount in

6

attorneys' fees related to all causes of action. **Exhibit 1** at Page 15, Prayer for Relief. When attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d, 149 153 (D.D.C. 2014). In the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along with compensatory and punitive damages." *Parker-Williams*, 53 F.Supp.3d at 152. It is also more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

23.    Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000, exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Central District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

## IV.    TIMELINESS OF REMOVAL

24.    Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after receipt of defendant through service or otherwise …" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

25.    Tesla was served with the Complaint on January 22, 2026. This removal is accordingly timely.

## V.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

26.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal to the United States District Court for the Central District of California will be served on Plaintiff's counsel of record at Sparrow Law Group LLP and Schein Law Group,

7

and a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, Los Angeles County. A true and correct copy of Tesla's Notice to State Court and Plaintiff of Removal of Civil Action to Federal District Court. is attached as **Exhibit C** of the Declaration of Vincent J. Adams (without exhibits because the exhibit is this Notice), filed concurrently. *See,* Adams Decl., ¶ 8 and **Exhibit C** (Notice of Removal to United States District Court for the Central District of California).

**WHEREFORE**, Tesla prays that this action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: February 20, 2026

Respectfully submitted,

TESLA, INC.

By: ___*/s/ Vincent J. Adams*_____
VINCENT J. ADAMS
Attorney for Defendant TESLA, INC

8

**DEFENDANT TESLA, INC.'S NOTICE AND PETITITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**