Joubin Hanassab, Esq. (SBN 339668)
Nikka Maleki, Esq. (SBN 327838)
**SPARROW LAW GROUP LLP**
9701 Wilshire Blvd., Suite 800
Beverly Hills, CA 90212
Phone: (310) 708-6439
Fax: (888) 719-3851
jhanassab@sparrowllp.com
nmaleki@sparrowllp.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/20/2026 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

# SCHEIN
### LAW GROUP

Joshua D. Schein (State Bar No. 264055)
Josh@Schein.Law
9401 Wilshire Blvd., Suite 750
Beverly Hills, CA 90212
Telephone:      (424) 355-8555
Facsimile:      (424) 355-8087


Attorneys for Plaintiff,
OSCAR NAVARRO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| OSCAR NAVARRO, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC.; BRANDON WARD; DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 26STCV01769 <br><br> **COMPLAINT FOR:** <br><br> **(1) WHISTLEBLOWER RETALIATION (Cal. Lab. Code § 1102.5);** <br><br> **(2) WHISTLEBLOWER RETALIATION (Cal. Lab. Code § 6310);** <br><br> **(3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** <br><br> **(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND** <br><br> **(5) NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEES.** <br><br> **DEMAND FOR JURY TRIAL.** |

- 1 -

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

Plaintiff, OSCAR NAVARRO, alleges on the basis of his personal knowledge and/or information and belief:

## SUMMARY

Plaintiff, OSCAR NAVARRO, a California resident (hereinafter, "Plaintiff" or "Mr. Navarro") files this Complaint against TESLA, INC. ("TESLA" or "Defendant"); BRANDON WARD ("WARD" or "Defendant"); and DOES 1 through 50, inclusive (each a "Defendant" and collectively, "Defendants.") (Plaintiff and Defendants shall each be referred to as a "Party," and collectively as, the "Parties") and demanding a trial by jury, avers as follows:

## PARTIES

1.    *Plaintiff:* Plaintiff is, and at all relevant times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2.    *Defendants:* Defendant TESLA is a corporation formed in Texas that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California.

a.    Defendant WARD is, and at all times mentioned in this Complaint was, a supervisor, agent, and/or employee of TESLA. Defendant WARD is, and at all times mentioned in this Complaint was believed to be, a resident of California.

b.    Defendants DOES 1 through 50 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the Defendant, and in taking the actions mentioned below was acting within the course and scope of their authority as such agent, servant, partner, and employee, with the permission and consent of the Defendant. The named Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

3.    Each reference in this Complaint to "Defendant" and/or "Defendants" refers to Defendants TESLA, Defendant, and/or TESLA's managers, agents, employees, and/or supervisors and also refers to all DOE Defendants.

- 2 -

4.      *Relationship of Defendants*: At all relevant times, each Defendant was the agent, employee, alter ego, joint venturer, and/or co-conspirator of the remaining Defendants, and in doing the things alleged herein, was acting within the course and scope of such agency, employment, or relationship. Each Defendant authorized, ratified, directed, controlled, approved, and/or knowingly acquiesced in the acts and omissions of the other Defendants. At all relevant times, one or more Defendants exercised domination and control over the remaining Defendants such that there existed a unity of interest and ownership, and adherence to the fiction of separate corporate existence would sanction a fraud and promote injustice. Accordingly, each Defendant is jointly and severally liable for Plaintiff's damages.

### JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants because Defendants reside and/or regularly transact business in California and because Defendants' obligations and liability arise therein.

6.      Venue is proper in this court and this action is properly filed in the County of Los Angeles because Defendants regularly transact business in the County and because Defendants' obligations and liability arise therein. Defendants maintain offices in the County of Los Angeles, regularly transact business there, and have agents, employees and/or supervisors within the County of Los Angeles.

### FACTS COMMON TO ALL CAUSES OF ACTION

7.      *Defendant TESLA*: Defendant TESLA, Inc. TESLA is an American multinational automotive and energy corporation that designs, manufactures, and sells battery-powered electric vehicles, as well as energy storage and generation products. TESLA operates on a global scale and maintains a substantial workforce, including thousands of employees in California alone.

8.      *Plaintiff's Hiring*: On or about September 21, 2022, Plaintiff was hired by TESLA as an IT Operations Manager, earning approximately $170,000 annually. Plaintiff was responsible for maintaining TESLA's IT infrastructure, ensuring operational efficiency, managing IT personnel, and supporting employee onboarding through TESLA's design studio systems and applications.

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

9. Plaintiff consistently performed his job duties at a high level, exceeded expectations, and earned positive feedback from colleagues and management. He never received a single disciplinary notice, negative performance evaluation, or written warning prior to raising protected complaints in September 2024.

10. On or about September 11, 2024, Plaintiff engaged in protected activity by making good-faith complaints to TESLA's Human Resources department concerning a subordinate employee's violations of company policy and California labor laws.

11. Specifically, Plaintiff reported that the employee was disregarding TELSA's ergonomic policies by failing to follow required procedures for specialized hardware use and setup, creating safety and compliance risks.

12. Plaintiff also reported that the same employee, an hourly worker, was engaging in wage theft by routinely failing to clock out when leaving the office, including leaving the workplace during the workday while remaining on the clock.

13. Plaintiff raised these issues in his role as a manager responsible for compliance, safety, and lawful operations.

14. Rather than investigating Plaintiff's complaints or addressing the violations, TESLA responded with indifference and hostility. Management dismissed Plaintiff's concerns, discouraged him from escalating the issue, and began isolating him professionally.

15. Shortly after making his complaints, Plaintiff's direct supervisor, Eddie Lee ("Lee"), abruptly ceased all regular communication with him. Meetings were canceled, guidance was withheld, and Plaintiff was cut off from the support necessary to perform his job.

16. The retaliation escalated over the following weeks. In or around October 2024, TESLA withheld Plaintiff's raise without explanation.

17. On or around December 16, 2024, Plaintiff formally reported the ongoing retaliation to Human Resources. He again raised these concerns during a meeting on December 17, 2024 with Defendant WARD.

18. On or around December 20, 2024, shortly after Plaintiff escalated his retaliation complaints, TESLA informed him that he would receive his performance-based bonus.

- 4 -

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

19. Despite this acknowledgment of satisfactory performance, on or around February 4, 2025, TESLA issued Plaintiff a "Needs Improvement" performance review covering July through December 2024. The review was unjustified, inconsistent with Plaintiff's prior record, and contradicted Tesla's own decision to award him a bonus.

20. On or around February 5, 2025, Plaintiff submitted another detailed written complaint to Human Resources, expressly identifying the retaliatory nature of the recent performance review. Rather than investigating or addressing these concerns, TESLA escalated its retaliatory conduct.

21. On or around February 12, 2025, Plaintiff's direct supervisor, Eddie Lee, informed Plaintiff that he would be placed on a "Performance Improvement Plan." This plan was not based on any documented performance deficiencies but was instead a pretext to further marginalize Plaintiff and build a false record in support of his eventual termination.

22. On February 14, 2025, Plaintiff again escalated his concerns to Human Resources. TESLA informed Plaintiff that the matter had been referred to external legal counsel. Plaintiff reiterated his retaliation concerns during communications with TESLA's counsel.

23. In the months that followed, Plaintiff's new manager, Albert Hung ("Hung"), largely excluded Plaintiff from meaningful work, provided no feedback, and maintained minimal communication.

24. On April 17, 2025, TESLA terminated Plaintiff's employment, claiming a "reorganization." This stated reason was false and pretextual.

25. Plaintiff was terminated because he reported violations of law and policy and because he opposed retaliation.

26. *Economic damages*: As a result of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damages to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

27. *Non-economic damages*: As a result of Defendants' conduct, Plaintiff has suffered and will suffer non-economic damages for loss of sleep, irritability, humiliation, loss of reputation, loss of confidence, and mental pain and anguish.

28. *Malice*: Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, (b) including by retaliating against Plaintiff for his valid complaints; terminating Plaintiff's employment on pretextual grounds, and/or (c) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of harassment, retaliation and wrongful employment termination.

29. *Oppression*: In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendants' actions against Plaintiff were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free of harassment, retaliation, and wrongful termination.

30. *Fraud*: In addition, and/or alternatively, Defendants' conduct as alleged was fraudulent within the meaning of California Civil Code section 3294, including that Defendant asserted false grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprivation of his legal rights.

31. *Attorney's Fees*: Due to the acts of Defendants, Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

## FIRST CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION

### (Cal. Lab. Code § 1102.5)

(Against Defendants TESLA; WARD; and DOES 1 through 50, inclusive)

32. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

33. At all times relevant to this Complaint, California Labor Code section 1102.5 was in effect and applied to Defendants.

34. California Labor Code section 1102.5, subdivision (b), states that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance ... if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." An employer who violates Section 1102.5 is liable for a civil penalty of up to $10,000 for each violation. (Cal. Lab. Code § 1102.5(f).)

35. California Labor Code section 1102.5, subdivision (c), states that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." (Cal. Lab. Code § 1102.5(c).)

36. Plaintiff engaged in legally protected behavior, including but not limited to misconduct and policy violations by his subordinate, retaliatory and inequitable treatment by his supervisor, and TESLA's Human Resources' failure to investigate or remediate these issues, culminating in his wrongful termination.

37. Plaintiff made these reports and complaints to persons with authority over him while working for Defendants. These persons had the authority to investigate, discover, prevent, and/or correct these violations.

38. Plaintiff had reasonable cause to believe that the information disclosed constituted a violation of state and/or federal anti-discrimination and harassment laws, as well as state and/or federal rules or regulations related to safety.

39. Defendants violated Labor Code section 1102.5 when they unlawfully retaliated against Plaintiff by, among other things, subjecting Plaintiff to excessive scrutiny and additional

- 7 -

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

discipline which other employees were not subjected to; unfavorably modifying Plaintiff's schedule; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; failing to remedy or prevent discrimination, harassment and retaliation; and wrongfully terminating Plaintiff's employment in violation of public policy.

40.    Plaintiff's protected activity was a substantial motivating reason for Defendant's decision to take adverse employment action(s) against Plaintiff.

41.    Defendants' retaliatory conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

42.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer harm, including lost past and future income and employment benefits, damages to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

43.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will suffer non-economic damages for loss of sleep, irritability, humiliation, loss of reputation, loss of confidence, and mental and emotional distress, in an amount according to proof at the time of trial.

44.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to California Labor Code section 1102.5.

45.    The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

///

- 8 -

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION

### (Cal. Lab. Code § 6310)

(Against Defendants TESLA; WARD; and DOES 1 through 50, inclusive)

46. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

47. At all times relevant to this Complaint, California Labor Code section 6300 *et. seq.* was in effect and applied to Defendants.

48. California Labor Code section 6310 states, "No person shall discharge or in any manner discriminate against any employee because the employee has … [m]ade any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting with the division with reference to employee safety or health, his or her employer, or his or her representative." "Any employee who is discharged, threatened with discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to the division, other government agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment, or has participated in an employer-employee occupational health and safety committee, shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer. Any employer who willfully refuses to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor." (Cal. Lab. Code § 6310.)

49. Plaintiff engaged in legally protected activity, including but not limited to, when he complained to Defendants regarding staff not following ergonomic protocols which he reasonably believed to be unsafe, ineffective, and in violation of the law.

- 9 -

50.     Plaintiff is informed and believes and based thereon alleges that Defendants retaliated against and wrongfully terminated Plaintiff because Plaintiff engaged in the aforementioned legally protected activity.

51.     Defendants' conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

52.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer harm, including lost past and future income and employment benefits, damages to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

53.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer non-economic damages for loss of sleep, irritability, humiliation, loss of reputation, loss of confidence, and mental and emotional distress, in an amount according to proof at the time of trial.

54.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to California Labor Code section 6300 *et seq.*

55.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendant's future conduct.

///

///

///

///

- 10 -

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendant TESLA; and DOES 1 through 50, inclusive)

56.  Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

57.  Plaintiff's employment was terminated for pretextual reasons and as a result of Defendant's violation of fundamental public policies. It is against California public policy to discharge an employee for engaging in protected activity, including reporting unlawful business practices to supervisors and making complaints about discrimination and harassment.

58.  Plaintiff's protected whistleblowing complaints regarding his subordinate's misconduct and his supervisor's retaliatory actions were a substantial factor motivating TESLA's decision to wrongfully terminate his employment.

59.  Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

60.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer harm, including lost past and future income and employment benefits, damages to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

61.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer non-economic damages for loss of sleep, irritability, humiliation, loss of reputation, loss of confidence, and mental and emotional distress, in an amount according to proof at the time of trial.

62.  The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant the

- 11 -

imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendant's future conduct.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Defendants TESLA; WARD; and DOES 1 through 50, inclusive)

63. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

64. At all relevant times, Defendants, and each of them, as herein before alleged, engaged in an intentional and injurious course of conduct, which was in conscious disregard of Plaintiff's rights, with the intent of causing Plaintiff severe emotional distress.

65. Defendants engaged in extreme and outrageous conduct by deliberately retaliating against Plaintiff after he reported misconduct and policy violations within TESLA. Despite his good-faith complaints to Human Resources, Defendants knowingly ignored his concerns, subjected him to a baseless internal investigation, and permitted his supervisor, Eddie Lee, to isolate, demean, and undermine him. Management withheld Plaintiff's earned merit increase, issued an unwarranted negative performance review, and threatened disciplinary action to coerce his silence. After Mr. Lee's passing, TESLA's Human Resources representatives callously closed the investigation without addressing Plaintiff's documented evidence or providing any remedial action. Thereafter, under Hung's new management, Plaintiff was intentionally excluded from key projects, stripped of professional responsibilities, and ultimately terminated under the false pretext of a "reorganization." Such conduct, carried out by TESLA's managerial and Human Resources personnel with knowledge of Plaintiff's protected activity, was malicious, oppressive, and undertaken in conscious disregard of his rights and dignity.

66. Defendants denied Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees and failed to remedy or prevent harassment and retaliation.

67. Defendants' illegal conduct, including the harassment and retaliation against Plaintiff, in whole or in part, on the basis of Plaintiff's complaints of harassment, and/or his complaints of unlawful business practices, constitutes "severe and outrageous" misconduct and

- 12 -

exceeds all bounds of conduct usually tolerated in a decent and civilized society. Defendants' conduct was so extreme so as to exceed all bounds of that usually tolerated in a decent and civilized society.

68.    Defendants' conduct was intentional in nature, and/or done with reckless disregard of the probability that Plaintiff would suffer severe emotional distress.

69.    Defendants' wrongful conduct was a substantial factor in causing Plaintiff's severe emotional distress.

70.    Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

71.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer harm, including lost past and future income and employment benefits, damages to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

72.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer non-economic damages for loss of sleep, irritability, humiliation, loss of reputation, and mental and emotional distress, in an amount according to proof at the time of trial.

73.    The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

///

///

///

///

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEES

(Against Defendant TESLA; and DOES 1 through 50, inclusive)

74.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

75.    An employer is liable for negligent supervision or retention of an employee if the employer knew or should have known that the employee created a risk to others; that the employee harmed Plaintiff; and that the employer's negligence in supervising or retaining the employee substantially caused Plaintiff's harm.

76.    Defendants owed Plaintiff a duty of reasonable care to supervise Defendants' employees and to take reasonable steps to prevent them from threatening or injuring Plaintiff.

77.    Defendants owed Plaintiff a duty of reasonable care to discharge from employment employees who had threatened or injured or were reasonably likely to threaten or injure others with whom he or she came into contact at work, including Plaintiff.

78.    Defendants created a risk or threat of injury to Plaintiff because Plaintiff complained about his supervisor's retaliation and Human Resources non-investigative actions.

79.    Defendants breached their duties by failing to supervise Defendant's agents, employees, and supervisors; and by failing to conduct a proper investigation regarding Plaintiff's complaint. The acts of Defendants were a proximate cause in Plaintiff's damages.

80.    As a direct and proximate result of Defendants' interference, Plaintiff has suffered and continues to suffer harm, including lost past and future income and employment benefits, damages to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

81.    As a direct and proximate result of Defendants' interference, Plaintiff has suffered and will suffer non-economic damages for loss of sleep, irritability, humiliation, loss of reputation, loss of confidence and mental and emotional distress, in an amount according to proof at the time of trial.

- 14 -

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES

82.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant maliciously prevented Plaintiff from obtaining other employment after wrongfully terminating him. Such acts were despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For general and special damages according to proof;

2.     For pre-judgment and post-judgment interest on all damages awarded;

3.     For exemplary and punitive damages in an amount according to proof;

4.     For reasonable attorney's fees;

5.     For costs of suit incurred;

6.     For all civil penalties as permitted by law;

7.     For medical expenses and related items of expense according to proof;

8.     For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff demands trial of this matter by jury. The amount demanded exceeds $35,000.00 (Gov. Code §§ 86, 88).

DATED: January 19, 2026                    SPARROW LAW GROUP LLP

Joubin Hanassab, Esq.
Nikka Maleki, Esq.
Attorneys for Plaintiff,
OSCAR NAVARRO

- 15 -

PLAINTIFF OSCAR NAVARRO'S COMPLAINT FOR DAMAGES